# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| CINCH WIRELINE SERVICES, LLC | § | Case No. 23-51742 |
| DEBTOR | § | |
| | § | Chapter 7 |
| | § | |
| CINCH ENERGY SERVICES, LLC | § | |
| PLAINTIFF | § | |
| | § | ADVERSARY PROCEEDING |
| V. | § | |
| | § | NO. _____ |
| MICHAEL R. MENDIETTA, JUSTIN SPRENCEL and MARY KAY MCGUFFIN | § | |
| DEFENDANTS | § | |
| | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

COMES NOW Cinch Energy Services, LLC (Plaintiff or Interested Party), and files this Complaint of Michael R. Mendietta and Justin Sprencel. In support thereof, Plaintiff respectfully shows as follows:

### I. NATURE OF THE ACTION

1. This action arises from the Defendants Mendietta and Sprencel falsely holding themselves out as Members of Cinch Wireline Services, LLC (Wireline) the Debtor in the Federal Chapter 7 Bankruptcy Petition Case No. 23-51742. Both Defendants in the past were employees of Cinch Energy Services, LLC (Energy) and also served at various times as paid Managers of Wireline.

2. Wireline was formed in September 2014 by Mary Kay McGuffin and Cinch Energy Services, LLC. The percentage of Membership Interest owned by both McGuffin and Cinch Energy has been in dispute since September of 2014 and remains in dispute today. (McGuffin claims a 30% Membership Interest in Wireline and Energy claims an 80% Membership Interest in Wireline). As a result of the dispute, there was never any formal "Company Operating Agreement" entered into by McGuffin and Energy. As such, the company has been operating by default in accordance with the Texas Business Organizations Code sections that pertain to Texas Closely Held Limited Liability Companies since formation in 2014. See Chapter 101 TEX. BUS. ORG. CODE §101.052(b).

3. Within six months or less of the original Wireline formation document that was filed with the Texas Secretary of State in September of 2014, McGuffin was terminated from her position as a Manager of Wireline. In early 2015, Wireline paused most operations, but continued to maintain a position of "Good Standing" with the Texas Secretary of State. Between September 2014 and October of 2023, no Member Meetings were held to add new members of Wireline or delete existing members of Wireline. The membership remains unchanged from the Original Formation document filed with the Texas Secretary of State in September of 2014.

4. In October of 2023, the defendants, Sprencel and Mendietta, however, gave Notice to Cinch Energy Services, LLC (Energy) through Energy's attorney, that they were: (1) members of Wireline; (2) together were the two members holding a majority membership interest in Wireline; (3) were calling for a special meeting of the members; and (4) doing so with the express purpose of holding a vote at the special meeting to expel Energy as a member of Wireline. The initial meeting was

quashed by a Temporary Restraining Order (TRO) issued in Cause Number 23-17061 by the 267th District Court of Jackson County, Texas. The Court, however, abated the action because Wireline was a Defendant in two causes of action that were on going in the District Courts of Nueces County. Upon the expiration of the TRO, the Defendants called for a second Special Meeting, but no Notice of the second meeting was provided to the Attorney representing Energy and Wireline. Despite not being legally joined as Members of Wireline, the Defendants held a secret meeting whereby the Defendants voted illegally to expel Energy as a Member of Wireline.

5. In January of 2024, both Sprencel and Mendietta attended a meeting of the Creditors via conference call held by the Trustee and once again falsely held themselves out as Members of Wireline and interfered with the Trustee's conference call with the Debtor and Creditors. Sprencel and Mendietta claim that they control 65% of the membership interests in Wireline and that Energy has no membership interest at all in Wireline. McGuffin claims a 30% Membership interest in Wireline. Energy claims an 80% membership interest in Wireline. Sprencel and Mendietta's claim of a 65% membership interest in Wireline means that there are total claims of 175% in membership interests in Wireline. If Energy is not the majority Member of Wireline, it had no standing to authorize the filing of a Bankruptcy Petition for Wireline and implicates the issue of this Court's jurisdiction to continue the case.

6. On 01 April 2024, Defenant Sprencel filed a "Proof of Claim" form 410 with the Clerk claiming that he is owed $6,750,000.00 by the Debtor, Cinch Wireline, LLC. Sprencel's only basis

for claiming the amount owed to him is that he claims he is a Member of Cinch Wireline Services, LLC.

7. As a result of Defendants' interference and falsely holding themselves out as members, along with Sprencel's claim for $6.75 Million dollars, the Plaintiff seeks a declaratory judgment from the Court declaring that both Justin Sprencel and Michael R. Mendietta are not past members, or present members of Cinch Wireline Services, LLC. If Sprencel and Mendietta are found to be the majority members of Wireline, Jurisdictional issues will be raised as to whether Energy had "Standing" to file the Original Petition in the Bankruptcy Court.

## II. THE PARTIES

8. Plaintiff, Cinch Energy Services, LLC (Energy) is a Texas Oil Field Services company that performed services at oil and natural gas drilling sites and existing well sites on behalf of exploration companies and oil and gas production companies. As the majority member of the debtor, Cinch Wireline Services, LLC, Energy authorized the filing of Wireline's voluntary petition for relief under chapter 7 of Title 11, United State Code (the Bankruptcy Code) on December 13, 2023 (the "Petition Date"). The Debtor, Cinch Wireline, is not a party in this adversary proceeding.

9. Mary Kay McGuffin is an Original Member of Cinch Wireline Services, LLC. McGuffin is named as a Defendant in the litigation since she is a person that has an interest in the Debtor Company, and she would be affected by the Declaratory Judgment. She can be served through her attorneys, (1) Ernest W. (Butch) Boyd, 2905 Sackett Street, Houston, Texas 77098. Ernest W. Boyd

is also the Attorney for John Patrick Lowe, the named Trustee in this Bankruptcy case; and (2) Shelby A. Jordan 500 North Shoreline Blvd., Corpus Christi, Texas 78401. Shelby Jordan is also the attorney for John Patrick Lowe, the named Trustee in this Bankruptcy case.

10. Defendant Justin Sprencel is an individual who was a former manager of the Debtor. Defendant Sprencel may be served with process by mailing a copy of the Complaint via email and by United States Regular First-Class Mail, postage prepaid to the attention of Defendant and his counsel, Mitchell Clark, 719 S. Shoreline Boulevard, Corpus Christi, Texas 78401.

11. Defendant Michael R. Mendietta is an individual who was a former manager of the Debtor. Defendant Mendietta may be served with process by mailing a copy of the Complaint via email and by United States regular First-Class Mail, postage prepaid to the attention of Defendant and his counsel, Gabi Canales, Gabi Canales Law Office, 5262 South Staples Street, Suite 100, Corpus Christi, Texas 78411.

*Rule 7007.1 Corporate Ownership Statement*

12 Cinch Energy Services, LLC is a Closely held Texas Limited Liability Company and there is no parent corporation that owns any stock in Cinch Energy Services, LLC.

### III. JURISDICTION AND VENUE

13. This adversary proceeding is commenced pursuant to 11 U. S. C. §§ 105, 362 and 543 and Federal Rules of Bankruptcy Procedure 7001 and 7065.

14. This Court has jurisdiction over this adversary proceeding pursuant to 28 U. S. C. §§ 157(b)(1) and 1334. Venue is proper in this district pursuant to 28 U. S. C. §1409(a) because the chapter 11 case this adversary proceeding relates to is pending in this district.

15. This is a core proceeding under 28 U. S. C. §175(b)(2)(A), (E) and (O). Plaintiff consents to the final entry of final orders or judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## IV. BACKGROUND FACTS

16. As stated above, the Debtor Company was formed as a Texas Closely Held Limited Liability Company in September 2024. The Original and current Members of Cinch Wireline Services, LLC are Mary Kay McGuffin and Cinch Energy Services, LLC. (Energy). Cinch Energy is a Texas Closely Held Limited Liability Company. McGuffin is an individual member of Cinch Wireline Services, LLC.

17. At the time of the formation in 2014, a written company "Operating Agreement" was drawn up and was presented to McGuffin in September of 2014. At that time, McGuffin refused to sign the Operating Agreement because of a dispute between the Members as to the percentage of her membership share in the newly formed LLC. The Operating Agreement listed her as owning a 20% Membership Interest in Cinch Wireline. McGuffin, however, insisted that an earlier oral agreement

between her and the owners of Cinch Energy Services, LLC gave her a 30% membership Interest in the Debtor, Cinch Wireline.

18. As a result of the dispute regarding the percentage of the respective membership interests in Wireline, the Members never signed a company Operating Agreement to govern the business affairs of Wireline. To date, the Debtor during its entire existence has conducted business without an operating agreement. As such, the Debtor operated by default in accordance with the Texas Business Organizations Code sections that pertain to Texas Closely Held Limited Liability Companies. See TEX. BUS. ORGS. CODE §101.052(2)(b).

19. The business relationship between Cinch Energy Services, LLC, Cinch Wireline Services, LLC (the debtor) and McGuffin faltered and became unworkable in early 2015. As a result of the strained relationship, McGuffin was terminated as a Manager of the Debtor, Cinch Wireline in January of 2015. Following the termination of McGuffin, between January 2015 and early 2017, Wireline conducted little or no business, but was never dissolved. In 2017, the majority member of Wireline attempted to re-start Wireline's operation and hired Justin Sprencel and Michael Mendietta as managers of Wireline. A meeting was held, and a new Operating Agreement was signed by Cinch Energy purporting to give Sprencel a 30% Membership Interest in Wireline. A different draft of the new company Operating Agreement purported to give Mendietta a 20% Membership interest in Wireline, but the Mendietta agreement was later voided by an agreement between Energy, Sprencel and Mendietta.

20. At the time of the meeting in 2017, McGuffin was still a member of Wireline and was not given any Notice of any Company Meetings. Additionally, she did not consent to admitting any additional members of Wireline. Both Sprencel and Mendietta, however, continued to hold themselves out as owners of Wireline despite their alleged membership interests having never been consented to by McGuffin and voted on by all the members.

21. The two separate drafts of the new company operating agreements, one signed by Sprencel, and one signed by Mendietta, are (1) in conflict with each other; (2) there was never a unanimous consent of the existing Members to admit them as members; and (3) there was never a compensatory reduction in the Membership Interests of the existing Members to make room for the alleged new Members. As such, Sprencel and Mendietta were never legally admitted as members of the Debtor, Cinch Wireline Services, LLC and the percentage of membership interests of McGuffin and Energy were never reduced.

22. Despite the lack of adherence to the Texas Business Organizations Code, Sprencel and Mendietta continue to hold themselves out as members of Wireline and continue to interfere in the Bankruptcy proceedings. The Bankruptcy cannot move forward without knowing and establishing who the members of the Debtor are as a matter of law. If Sprencel and Mendietta are allowed to claim a majority membership interest in the debtor, it will create uncertainty regarding which group of members and/or mangers had standing to file the original bankruptcy petition. If the interested party that authorized the filing of the Bankruptcy Petition was not actually a member at the time of the filing, this Court would lack jurisdiction to proceed with the case.

## V. CAUSES OF ACTION

23. **DECLARATORY JUDGMENT:** Plaintiff seeks to have the Court Declare that (1) McGuffin and Cinch Energy Services, LLC are the only two persons/entities that are members of the Debtor, Cinch Wireline Services, LLC; (2) that Sprencel and Mendietta are not members of the Debtor, Cinch Wireline Services, LLC; and (3) that Cinch Energy Services, LLC as the majority member of the Debtor, is the only person/entity with standing to invoke the jurisdiction of the court to file the bankruptcy petition.

24. The relief requested is necessary because there are multiple individuals and entities claiming a majority Membership Interest in the Debtor. Only the Members holding a legal majority Membership Interest in the Debtor have standing to petition the Court in Bankruptcy and to take the petition through to a final judgment. Without Cinch Energy Services, LLC having standing to authorize the filing of the Bankruptcy Petition, the Court would lack jurisdiction over this matter.

## VI. PRAYER

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court enter judgment granting the relief requested herein, including, but not limited to actual damages, where applicable exemplary damages, prejudgment and post judgment interest at the maximum rate allowed by law, costs of court, attorney fees, and all such other relief as Plaintiff may be entitled to in law or n equity. Plaintiff seeks an expedited hearing and adjudication of this Complaint so that

the Bankruptcy Petition is not delayed due to confusion as to what individuals and entities have standing to proceed in this Court.

Respectfully submitted on this the ~~2nd~~ 9TH day of April 2024.

Respectfully submitted for entry,

JAMES S. WILKINS, PC

BY: /s/ James S. Wilkins
James S. Wilkins
Texas Bar No. 21486500
1100 N.W. Loop 410, Ste. 700
San Antonio, Texas 78213
Telephone (210) 271-9212
Email: jwilkins@stic.net
Lead Attorney for Plaintiff

SHANN M. CHAUDHRY, ESQ. ATTORNEY AT LAW PLLC
14100 San Pedro, Suite 210
San Antonio, Texas 78232
Telephone: (210) 646-9400
Telecopier: (210) 646-0038
Email: firm@smcesq.com
Shann M. Chaudhry
Texas Bar No. 24044711
Email: shann@smcesq.com
Paul W. O'Finan
Texas Bar No. 24027376
Email: paul@smcesq.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Original Complaint for Declaratory Judgment has been served by the Court's ECF e-filing notification on all parties receiving such notices on April 09, 2024, and has been served on counsel as stated below.

James Samuel Wilkins
James S. Wilkins, PC
1100 NW Loop 410, Suite 700
San Antonio, TX 78213
Email: jwilkins@stic.net, wilkinsjames222@gmail.com
Attorney for Debtor Cinch Wireline Services, LLC

John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801
Email: pat.lowe.law@gmail.com
Chapter 7 Trustee

Butch Boyd
Butch Boyd Law Firm, PC
2905 Sackett Street
Houston, TX 77098
Email: butchboyd@butchboydlawfirm.com
Proposed Special Counsel for John Patrick Lowe, Chapter 7 Trustee
And Attorney for Interested Party Mary Kay McGuffin

Shelby A. Jordan
Antonio Ortiz
Jordan & Ortiz, PC
500 N. Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Email: sjordan@jhwclaw.com; aortiz@jhwclaw.com; cmadden@jhwclaw.com
Proposed Special Counsel for John Patrick Lowe, Chapter 7 Trustee
And Attorney for Interested Party Mary Kay McGuffin

Mitchell Clark
Law offices of Mitchell Clark
3722 Nahid Court
Corpus Christi, Texas 78418
719 S. Shoreline Boulevard,
Corpus Christi, Texas 78401.
Email: Mitchell Clark mitchell@hilliard-law.com; office@txverdict.com
Attorney for Defendant Justin Sprencel

Gabi Canales
Gabi Canales Law Office
5262 South Staples Street, Suite 100
Corpus Christi, Texas 78411
Tel: (361)887-4700
Fax: (361)887-4761
gabilaw14@gmail.com
Attorney for Defendant Michael Mendietta


**All parties in the attached service list receiving notice via ECF in this case:**

Brandon Craig Bickle on behalf of Creditor First International Bank & Trust
bbickle@gablelaw.com; bhornbeak@gablelaw.com

Shawn K. Brady on behalf of Creditor Ford motor Credit Company
sgodwin@brady-law-firm.com

Carl Dore, Jr on behalf of Creditor Hunting Titan, Inc.
carl@dorelawgroup.net; chymel@dorelaw.com; lcrabtree@dorelaw.com

James W. King on behalf of Creditor National Tank & Equipment, LLC
jking@offermanking.com

John F Massouh on behalf of Creditor A-7 AUSTIN, LLC
john.massouh@sprouselaw.com; sherida.stone@sprouselaw.com

Christopher S. Murphy on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division

bk-cmurphy@oag.texas.gov; sherri.simpson@oag.texas.gov

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

/s/ James S. Wilkins
James S. Wilkins