

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 26, 2026.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-51742-CAG |
| | § | |
| CINCH WIRELINE SERVICES, LLC., | § | |
| | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| CINCH ENERGY SERVICES, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Adversary NO. 24-05012-CAG |
| v. | § | |
| | § | |
| MICHAEL R. MENDIETTA, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER DISMISSING CASE

Before the Court is the District Court's Order Remanding and Dismissing Appeal. (ECF No. 147). After consideration, the Court dismisses the above-styled adversary proceeding for lack of subject matter jurisdiction and vacates all prior judgments and orders.

**BACKGROUND**

Cinch Wireline Services, LLC ("CWS") filed for chapter 7 bankruptcy on December 13, 2023. (Case No. 23-51742, ECF No. 1). Tim Pollard signed the petition as "Executive Vice President" of CWS. (*Id.* at 6). On April 9, 2024, Cinch Energy Services ("CES") initiated this adversary proceeding, asking the Court to determine CWS's membership and who had standing to file its chapter 7 petition. (Adv. No. 24-05012, ECF No. 1, at 9).[1]

Defendants Mendietta and Sprencel filed motions for summary judgment, which the Court granted on October 3, 2024. (ECF Nos. 88, 89). After trial, the Court issued its Final Judgment: (1) Mary Kay McGuffin is a 30% member of CWS; (2) Justin Sprencel is a 45% member of CWS; (3) Michael Mendietta is a 20% member of CWS; and (4) CES is not a member of CWS. (ECF No. 113, at 2). The final judgment was subsequently appealed to the District Court for the Western District of Texas. (ECF No. 116).

The Final Judgment also led to the subsequent dismissal of the underlying bankruptcy case. (Case No. 23-51742, ECF No. 326). The Court held that, because Pollard lacked authority to file the bankruptcy petition, it lacked subject-matter jurisdiction over the bankruptcy case. (*Id.* at 40). The bankruptcy case was void ab initio: "Without subject matter jurisdiction to establish the case, there is not a nexus between the Bankruptcy Case and related proceedings, and there cannot be 'arising under' or 'related to' jurisdiction over related proceedings." (*Id.*) Thus, all related proceedings must be dismissed. (*Id.*).

CES subsequently filed its Rule 60(b) Motion ("Motion to Vacate"), requesting the Court to vacate the Final Judgment and all related orders in this adversary. (ECF No. 134) (citing Fed. R. Civ. P. 60(b)). CES argued that the Court's dismissal of the underlying bankruptcy case

---

[1] "ECF" denotes electronic filing docket number in Adversary No. 24-05012-cag unless otherwise indicated.

2

extended to this adversary proceeding. (*Id.* at 4). Additionally, CES requested the Court issue an indicative ruling pursuant to Federal Rule of Bankruptcy Procedure 8008(a) stating that it would grant CES's Motion to Vacate if the District Court were to remand the appeal for that purpose. (*Id.* at 5); *see* Fed. Bankr. P. 8008(a) ("If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the bankruptcy court may: . . . state that it would grant the motion if the court where the appeal is pending remands for that purpose."). After consideration of CES's Motion to Vacate, the Court issued its indicative ruling, stating that it would grant the Motion to Vacate should the District Court remand the appeal for that purpose. (ECF No. 141).

CES requested the District Court to remand the case to this Court and dismiss the appeal as moot. (ECF No. 147 at 3). The District Court granted CES's Motion to Remand, pursuant to Federal Rule of Bankruptcy Procedure 8008(c), finding that CES "has made clear that it does not intend to pursue this appeal after the bankruptcy court vacates the underlying orders and judgment." (*Id.* at 4). This case is again before the Court on remand from the District Court.

## ANALYSIS

Federal Rule of Civil Procedure 62.1(c) provides that a district court may decide the motion if the court of appeals remands for that purpose. Fed. R. Civ. P. 62.1(c). "Rule 8008 does not have a corresponding provision but instead repeats Appellate Rule 12.1(b)." 10A Collier on Bankruptcy ¶ 8008.06[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). The advisory committee notes to Rule 8008(c) suggest that the bankruptcy court may rule on the remanded motion for relief. Fed. R. Bankr. P. 8008(c) advisory committee's note to 2014 amendment.

Pursuant to the Court's dismissal of the underlying bankruptcy case, as well as the Court's prior indicative ruling, the Court grants CES's 60(b) Motion. Under Rule 60(b)(4), a court may

3

relieve a party from a final judgment, order, or proceeding if the judgment is void. Fed. R. Civ. P. 60(b)(4). As referenced herein, the Court dismissed the underlying bankruptcy proceeding for lack of subject matter jurisdiction, finding that the bankruptcy case was void ab initio. Therefore, the Court grants the request for relief from the Final Judgment.

As the Court has previously noted, there is no "arising under" or "related to" jurisdiction over this adversary proceeding. (Case No. 23-51742, ECF No. 326 at 40); *see also* **Wood v. Wood (In re Wood)**, 825 F.2d 90, 93 (5th Cir. 1987) (explaining "related to" jurisdiction exists if the outcome of the proceeding could conceivably affect the bankruptcy estate). Federal Rule of Bankruptcy Procedure 7012 incorporates Federal Rule of Civil Procedure 12(h) to adversary proceedings. Fed. R. Bankr. P. 7012(b). Federal Rule of Civil Procedure 12(h)(3) provides that the Court "*must* dismiss the action" if it determines, at any time, that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) (emphasis added). Therefore, the Court must dismiss this case.

## Conclusion

For the reasons set forth above, the Court grants the Motion to Vacate. (ECF No. 134).

IT IS THEREFORE ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Final Judgment (ECF No. 113) is hereby VACATED.

IT IS FURTHER ORDERED that the Clerk of the Court shall immediately cause notice of the entry of this Order to be served on all parties in interest in this case.

# # #